DARNALL v. THE STATE on the relation of AYERS and
Another.

APPEAL from the *Marion* Common Pleas.

GREGORY, J.—This action was prosecuted by the relators
against the appellants for alleged breaches of the bond of
*Darnall*, as principal, and *Arnold*, as surety, conditioned
that the former would faithfully discharge the duties of his
trust as administrator, with the will annexed, of the estate
of one *Mary Bell*, deceased. There was a demurrer over-
ruled to the complaint, and this is assigned for error, but
the objection to the complaint has been obviated by the
amended record certified to this court in answer to a *certio-
rari*, and need not therefore be noticed.

One of the breaches complained of is, that *Darnall* was
secretly conniving with *Arnold* to allow the latter a false and
fraudulent claim against the estate, then on file, although
the same had been adjudicated fully in the court below
and rejected, on the verdict of a jury, a certified transcript
whereof was made a part of the complaint. By the trans-
cript thus filed, it appears that *Darnall*, as administrator of
*Bell*, had admitted the pretended claim of *Arnold*, and had
made a settlement in the Common Pleas Court, in which
he was allowed credit for the amount of *Arnold's* claim
thus admitted. In a bill filed by the relators against *Dar-
nall* and *Arnold*, the appellants, that settlement was set aside,
and *Arnold's* claim disallowed in the final decree, except
$50, found by the jury in their verdict to be due to *Arnold*
from the estate of *Bell*, for services in the last illness of
deceased. The appellants, in one paragraph of their ans-
wer in the case in judgment, set up this pretended indebted-
ness of the estate of *Bell* to *Arnold*. The relators replied,
in addition to the general denial, by way of estoppel, the
foregoing adjudication and disallowance of *Arnold's* claim,
making the above mentioned transcript a part of the

reply. The appellants offered to prove the correctness of *Arnold's* claim, but admitted in open court that it was the same claim adjudicated in the proceedings and judgment set forth in the transcript made a part of the complaint and reply. The court refused to admit the offered testimony, and this is assigned for error. But for the admission, under the issues, the appellants would have been entitled to go into the evidence of the correctness of *Arnold's* account against the estate of *Bell.* The admission made it manifest that the evidence offered could not avail the appellants, and if the court below was in error in rejecting it, yet the error, if any, being harmless, will not reverse the judgment.

The judgment is affirmed, with costs, and ten per cent. damages.

*C. C. Nave,* for appellant.

*L. M. Campbell* and *J. V. Hadley,* for appellees.